United States District Court
Southern District of Texas
**ENTERED**
June 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SHARON YASIN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-03491 |
| | § | |
| **WANDA ADAMS,** | § | |
| | § | |
| Defendant. | § | |

## ORDER ON VOLUNTARY DISMISSAL, MOTION TO DISMISS

This is case brought by Sharon Yasin, a *pro se* plaintiff, against Judge Wanda Adams, a Harris County Justice of the Peace, Precinct, 7, Place 1. Yasin filed this claim under 42 U.S.C. § 1983, bringing an assortment of claims including obstruction of justice, denial of due process, and ADA discrimination, among other claims. Judge Adams removed the case to this Court on October 10, 2022, and Yasin filed an opposed motion to voluntarily dismiss this case without prejudice on May 31, 2023.[1]

Motions for voluntary dismissal should be freely granted unless the non-moving party will suffer prejudice other than the prospect of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The Fifth Circuit has explained that "[p]lain legal prejudice may occur when the plaintiff moves to dismiss a suit . . . to avoid an imminent

---

[1] While titled a "Notice of Dismissal" by Yasin, the filing is, in substance, a motion to dismiss without prejudice, and the Court construes it as such. (*See* Dkt. No. 15).

adverse ruling in the case . . . ." *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (*per curiam*).[2]

Because the Court finds that Yasin's claims are entirely without merit and that she seeks voluntary dismissal to avoid dismissal with prejudice, Yasin's motion is hereby **DENIED**. The Court further **GRANTS** Judge Wanda Adams' Motion to Dismiss, (Dkt. No. 10), as Yasin's claims are wholly conclusory and border on frivolity.[3] (*See* Dkt. No. 10-1). Even if her legal claims were substantiated with well-pleaded facts, they would still comfortably fail as a matter of law due to the judicial immunity that unmistakably applies in this case.[4] Any further amendment would be futile, and this suit is accordingly **DISMISSED WITH PREJUDICE**.

It is SO ORDERED.

---

[2] A district court's decision on whether to grant or deny a motion for voluntary dismissal under Rule 41(a)(2) is reviewed for abuse of discretion. *See Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) (citation omitted). While not exhaustive, reasons for finding prejudice include "when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case[.]" *Harris*, 500 F. App'x at 268. Both these factors, and others, counsel in favor of denial here. Yasin moved to non-suit almost 8 months after the case was removed and offered no explanation for doing so. (*See* Dkt. No. 15). Moreover, this attempt to dismiss without prejudice comes after Judge Adams moved to dismiss. (*See* Dkt. No. 10). The Court also considered "evidence of abuse by the movant," *Elbaor*, 279 F.3d at 317, particularly Yasin's "abusive" filings in state and federal court for related claims, to the tune of "approximately 24 lawsuits[.]" (Dkt. No. 16 at 2).

[3] In a related action by Yasin, Judge Lynn Hughes denied her application to proceed *in forma pauperis* because her "[c]laims are frivolous." *See Yasin v. Burney et al.*, No. 4:22-MC-01421, (Dkt. No. 2).

[4] Absent when a judge acts in clear absence of any jurisdiction, federal judges have absolute immunity from suit arising from the exercise of their judicial authority. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 12, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991).

2

Signed on June 6, 2023.

                                              **DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**